Plaintiff brought this suit as holder and owner of a promissory note dated October 11th, 1930, in the sum of $400, due and payable twelve months after date, which note had been acquired by plaintiff through endorsement of the Shreveport Pecan Orchard Co., Inc., the original holder thereof. The petition alleges that the note is identified with an act of sale wherein the Shreveport Pecan Orchard, Inc. sold to J.A. LaBaw, defendant herein, the 40-acre tract of land in Natchitoches Parish. It is further alleged that the act of sale recited a cash payment of One Thousand Dollars, which payment, as a matter of fact, was not made.
The relief sought by plaintiff is the rescission of the sale of the property described on the ground of non-payment of the purchase price, and judgment decreeing plaintiff to be the owner of said property free from any liens and encumbrances, or, in the alternative, judgment against the defendant on the note, together with recognition and enforcement of the special mortgage and vendor's lien recited in the act of sale as security for the payment of the credit portion of the purchase price.
After issue was joined by entry of default, a petition of intervention was filed by John W. LaFrenz, claiming to be a creditor of defendant, and alleging the filing of a separate suit on behalf of the intervenor against the defendant, in the course of which the property in question had been seized under a writ of attachment. Plaintiff excepted to the intervention, but there was no action by the District Court on the exception.
Subsequently, the case came up on confirmation of default, which procedure was objected to by counsel for intervenor, but plaintiff was permitted to proceed with confirmation, subject to the objection.
After hearing there was judgment rejecting the demands of plaintiff, from which judgment plaintiff prosecutes this appeal.
While it is apparent that intervenor was entitled to a determination of his right of intervention on the exception, since there has been no appeal on his part, nor any other action designed to invoke the authority of this Court in aid of its appellate jurisdiction, the instant appeal does not present any issue bearing upon the rights of the intervenor. Accordingly, no question involved in the intervention is now before this Court, nor can the contentions made by the intervenor be considered.
Since defendant in this case was a nonresident, it follows that these proceedings are purely in rem, and there is no right in plaintiff to any character of personal judgment.
[1] In assigning written reasons for judgment, the learned Judge of the District Court relied upon the provision of Article 2045 of the Civil Code, requiring restoration by the creditor of what he has received. The Court stated that plaintiff had failed to tender a return of the sum of One Thousand Dollars, which had been recited as the cash portion of the consideration, and that, while plaintiff had alleged that no such cash consideration was actually paid, he had failed to prove this fact. Examination determines these statements to be correct, since *Page 687 
the record is devoid of any evidence of any character of tender, and there is no showing of any attempt whatsoever on the part of plaintiff to sustain the allegation of failure of payment of the cash consideration recited in the act of sale.
Article 2045 of the Civil Code, with reference to the resolutory condition, contains the following provision: "It (the dissolving condition) does not suspend the execution of the obligation; it only obliges the creditor to restore what he has received, in case the event provided for in the condition takes place." (Parenthesis ours.)
[2] It is plain that this provision, applied to the case before us, imposes the obligation upon the plaintiff, who seeks the resolution of the sale, to restore whatever was received. Since the act of sale recites a consideration of Fourteen Hundred Dollars, One Thousand Dollars of which was "cash in hand paid, receipt of which is hereby acknowledged, and the balance in one note of said purchaser", it is evident that the vendor would be required to tender the repayment of the sum of One Thousand Dollars, which he acknowledged to have received, and the return of the note representing the balance of the purchase price.
[3] It is contended on behalf of plaintiff that he is the assignee of the vendor, that he received nothing from the sale of the property, and, on the contrary, that he paid a consideration for the acquisition of the note involved in this litigation. For this reason, it is argued that the cited provision of the Code is not applicable to this plaintiff.
We find no merit in this contention. The assignee cannot be considered as holding a more favored position than his assignor. The mere change of ownership of the note in question cannot operate as a discharge of the obligation imposed upon one who seeks a certain remedy, of which remedy the obligation is an integral part.
There is no doubt as to the correctness of the judgment of the District Court on this point.
But, it is noted that while the lower Court rejected plaintiff's demands and dismissed his suit, no reason was assigned for the rejection of the alternative demand for judgment on the note, recognition and enforcement of the vendor's lien and privilege. However, examination of the record discloses an obvious reason for a rejection of plaintiff's alternative demand. The promissory note sued on, despite the allegation of plaintiff's petition to the contrary, is not identified with the act of sale and mortgage, nor was any attempt made upon the occasion of confirmation of default to establish such identification. It necessarily follows that any judgment on the note would have been personal, and, therefore, would not have been within the jurisdiction of the Court under an in rem proceeding against a non-resident.
For the reasons assigned, the judgment appealed from is affirmed at appellant's cost.
 On Rehearing.